IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                      PLAINTIFF

VS.            Civil No. 1:07cv1046
Crim. No. 1:98cr10005

ROBERT ROBINSON                             MOVANT

## **ORDER**

Before the Court is the Report and Recommendation filed on August 3, 2007, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. No. 2, Civil No. 07-cv-1046 and Doc. No. 101, Crim. No. 98-cr-10005). On August 16, 2007, Movant filed limited objections to the Report and Recommendation. (Doc. No. 103, Crim. No. 98-cr-10005).

On December 7, 1998, the Movant, Robert Robinson, was convicted on two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). On February 22, 1999, he was sentenced to 360 months imprisonment, followed by eight years of supervised release, and assessed a fine of $2,000.00.

Robinson did not pursue any direct appeals. He has, however, sought to attack his conviction and sentence via numerous motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and petitions for writ of habeas corpus pursuant to 28 U.S.C. §2241.

On August 2, 2000, Robinson filed his first post-conviction pleading pursuant to 28 U.S.C. § 2255. On November 17, 2000, the motion was dismissed as time barred by the

limitations provisions of § 2255.  Robinson appealed the Court's ruling to the United States Court of Appeals for the Eighth Circuit.  On April 24, 2001, the Court of Appeals dismissed the appeal for lack of jurisdiction.

Thereafter, on January 22, 2003, March 25, 2003, December 2, 2005 and February 14, 2007, Robinson filed four successive post-conviction motions under 28 U.S.C. §2255. On each occasion, the Court dismissed Robinson's motion for lack of jurisdiction because he had not obtained the necessary authorization to file a second or successive motion under § 2255 from the United States Court of Appeals for the Eighth Circuit.[1]

On May 25, 2007, Robinson filed his fifth § 2255 motion in this Court.  Again, he did not obtain the necessary authorization from the Court of Appeals to file the motion.  Before a district court can consider a second or successive § 2255 motion, the movant must first obtain authorization from the appropriate court of appeals.  28 U.S.C. § 2255.  Because Robinson did not obtain this authorization, the Court lacks jurisdiction to consider his pending motion and it is subject to dismissal.  *United States v. Avila-Avila,* 132 F.2d 1347, 1348049 (10th Cir. 1997).

In his motion, Robinson claims that he has newly discovered evidence that supports his claim of ineffective assistance of counsel.  Although this may be true, the Court can not consider the motion.  As stated numerous times in this case, Robinson must first obtain permission from the Eighth Circuit Court of Appeals to file a second or successive § 2255 motion before this Court has jurisdiction to consider such a motion.

Therefore, for the reasons set forth above, the Court adopts the Magistrate Judge's Report

---

[1] On three separate occasions, Robinson filed an application with the Eighth Circuit Court of Appeals seeking authorization to file a second or successive motion to vacate, set aside or correct sentence pursuant to § 2255.  On each occasion, the Court of Appeals denied Robinson's application.

and Recommendation and finds that the Court lacks jurisdiction to consider the motion now pending before the Court.  The motion should be and hereby is **dismissed**.

It is clear to the Court that the Movant is aware that this Court lacks jurisdiction to consider any successive §2255 motions in this case until authorization is granted by the Eighth Circuit.  Any such filings, without prior authorization from the Court of Appeals, are frivolous and an abuse of the judicial system.  Therefore, the Clerk of the Court is hereby directed not to accept any future filing from the Movant, Robert Robinson, which relate to his underlying criminal conviction and sentence, unless the United States Court of Appeals for the Eighth Circuit has granted Movant the express authority to file a second or successive motion in this matter.

IT IS SO ORDERED, this 21st day of August, 2007.

       /s/Harry F. Barnes
       Hon. Harry F. Barnes
       United States District Judge